UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

        Case No. 07-CR-20546

        HON. GEORGE CARAM STEEH

JOSEPH COSTA PACHECO III,

        Defendant.

_____/

## ORDER DENYING DEFENDANT'S AMENDED MOTION TO BAR CONSIDERATION OF UNCOUNSELED CONVICTIONS AS PREMATURE

Now before the Court is defendant Joseph Costa Pacheco III's amended motion to bar consideration of his prior state court convictions entered without counsel in alleged violation of his Sixth Amendment right to counsel. Defendant was indicted on November 7, 2007 with five counts of bank robbery. Defendant has a long out-of-state criminal history. In order to assist the parties in plea negotiations, Probation Officer William Hampstead prepared a pre-plea investigation report. That report attributes 3 criminal history points to defendant for his October 20, 1993 convictions in Georgia state court for "theft by bringing stolen property into State," "obstruction of justice," and "aggravated assault on a police officer." It also adds 2 points for committing the charged offenses while on probation for the 1993 convictions.

Defendant pleaded guilty to the 1993 state charges without the assistance of counsel and was sentenced to 10 years imprisonment and 10 years probation. Defendant

argues that the 1993 convictions violated his Sixth Amendment right to counsel and thus, 5 points should be deducted from his criminal history computation. The government responds that the motion is premature, but even if this Court considers the motion on the merits, defendant has failed to show that his prior convictions were secured in violation of his Sixth Amendment right to counsel.

The parties agree that the Supreme Court's decision in <u>Daniels v. United States</u>, 32 U.S. 374, 382 (2001) applies to the instant dispute. In <u>Daniels</u>, the Supreme Court stated that "[i]f an enhanced federal sentence will be based in part on a prior conviction obtained in violation of the right to counsel, the defendant may challenge the validity of his prior conviction during his federal sentencing proceedings." <u>Id.</u> at 382. In this case, no guilty plea has been entered and no trial has taken place. There has been no conviction and thus, no sentencing proceedings are underway. Defendant is asking this Court to enter an advisory opinion, in essence telling him in advance what would happen if he pleads guilty or is convicted. Under the Supreme Court's decision in <u>Daniels</u>, this Court is not to consider a challenge to prior convictions on the basis of a deprivation of a right to counsel until the federal sentencing proceedings begin. Accordingly, defendant's motion is premature and will not be considered on the merits. For this reason,

IT IS ORDERED that defendant's amended motion to bar consideration of uncounseled convictions (Doc. 16) hereby is DENIED WITHOUT PREJUDICE as premature.

Dated: July 11, 2008

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 11, 2008, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk