UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                      Case No. 07-CR-20546
                                         HON. GEORGE CARAM STEEH

D-1  JOSEPH COSTA PACHECO III,

    Defendant.

_____/

ORDER DENYING DEFENDANT'S EX PARTE MOTION TO AUTHORIZE EXPERT

      Now before the Court is defendant Joseph Costa Pacheco III's motion to authorize the expenditure of funds to obtain investigative services at the government's expense. "An indigent defendant may obtain authorization for investigative, expert, or other services under 18 U.S.C. § 3006A(e)(1) upon a demonstration that (1) such services are necessary to mount a plausible defense, and (2) without such authorization, the defendant's case would be prejudiced." United States v. Gilmore, 282 F.3d 398, 406 (6th Cir. 2002). Defendant has failed to meet either prong of the two-part test.

      Defendant has not shown that an investigator has a greater potential of helping his case than standby counsel. As standby counsel, Mr. Berger is hereby authorized to conduct limited investigation including:

    - identifying whether witnesses exist who have evidence valuable to defendant;

    - seeking criminal conviction histories, if any, for witnesses to be called by the

government;

- investigating and seeking video footage, if any, of the robberies; and

- investigating and/or seeking 911 calls and/or police radio runs for the offenses.

Defendant's expressed concern that Mr. Berger cannot adequately investigate the availability of evidence in the case is not well taken.  Much of what Defendant seeks is to identify other people with relevant evidence and information which might be obtained from the government, by agreement or by subpoena.

Moreover, defendant's argument that it is not adequate for standby counsel to conduct the investigation as defendant would not be allowed to call Mr. Berger as a witness to impeach his credibility or to lay a foundation for the admission of documents and things lacks merit.  Defendant's standby counsel could lay whatever foundation is necessary for the admission of documents and/or the parties could stipulate to foundational issues.  Furthermore, defendant has shown no need for the testimony of his counsel.  Given the particular nature of the evidence defendant seeks to examine in this case, he has failed to show any prejudice resulting from the absence of an investigator.  Mr. Berger is fully capable of seeking appointment of a third party as an investigator should the need become apparent during his own investigation.

Defendant's ex parte motion to authorize employment of expert assistance is hereby DENIED WITHOUT PREJUDICE.

SO ORDERED.

Dated:  January 12, 2009

                                                  s/George Caram Steeh
                                                  GEORGE CARAM STEEH
                                                  UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 12, 2009, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk